SUSAN ANN TRUESDELL, Appellant, *v.* JESSE WINNE, Respondent.

(County Court, Greene County, July, 1904.)

**Justice's court — Duty of the justice to try the case.**

> That, in an action in justice's court, the defendant, by affidavits presented and read on the return of the summons, charged, and the justice denied that he, on the trial before him of a former action, said, in court, that he would not believe the defendant or his counsel under oath, affords the justice no right or reason to dismiss the action with costs against the plaintiff.

APPEAL from a judgment dismissing the action with thirty-five cents costs against the plaintiff. On the return of the summons the defendant presented affidavits alleging that the justice, while a former action was pending before him, stated that he would not believe the defendant or his counsel under oath, and the defendant asked that the action be dismissed upon that ground. The justice, at the time the motion was made, stated that he had not made the statement claimed to have been made by him in said affidavits. The justice, however, dismissed the action, and rendered judgment against the plaintiff for thirty-five cents costs, from which judgment this appeal is taken.

Baker & Patrie, for appellant.

D. H. Daley, for respondent.

TALLMADGE, J.   There is no statute in this State that expressly disqualifies a justice of the peace from sitting as

such, for the reasons stated in the moving affidavits. Section 46 of the Code of Civil Procedure disqualifies a judge from sitting as such, or from taking any part in the decision of a cause or matter to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related to any party to the controversy within the sixth degree. The word " judge " as used in this section includes a justice of the peace. Code Civ. Pro., § 3343.

The object of this section is to prevent a judge from sitting in a cause where he might be prejudiced or biased for the reasons stated in the section. Where the grounds, which will operate as a disqualification of a judge, are expressly set out in a constitution or statute, such provisions are held to be exclusive, and no other causes than those set out will work a disqualification. Am. & Eng. Encyc. of Law, vol. 17, p. 740.

Section 46 does not expressly provide for a case like the one under consideration, and in the absence of an express statutory provision, prejudice or bias on the part of the judge, which is not based on interest, is not assignable as a ground for his disqualification. Yet our courts have been careful to keep unsullied their dignity and integrity, when conditions were such that criticism might be invoked on account of implied bias on the part of a judge. The reason for the adoption of this practice has been held to be, that " Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge." People ex rel Roe v. Suffolk Common Pleas, 18 Wend. 550; Darling v. Pierce, 15 Hun, 543; Oakley v. Aspinwall, 3 N. Y. 549.

If, when the affidavits were presented, the justice had acquiesced in the allegations contained in the affidavits of the moving party, or had remained silent and dismissed the action, or had refused to hear it, I am of the opinion that in such a case the court should not reverse a mere judgment of dismissal. The justice, in such a case, would be deemed to have taken the suggestion of the moving party

and to have refused to hear the case, the same as though he had done so of his own motion. But where the return shows that the justice stated that he did not make the statements alleged to have been made by him in the affidavits, he thus disclaims any bias on his part, and in such case he had no right to retire from the case or to dismiss the action. It is the duty of the court to proceed unless he is satisfied that he should not. Matter of Newcombe, 45 N. Y. St. Repr. 806.

The good faith, honesty and integrity of the court cannot be assailed by a party to an action in such a manner. The justice is not called upon to use in his own court answering affidavits, and where he states upon the record facts showing that he is not prejudiced or biased, such statements, for the purposes of that action, should be taken as true. Otherwise, a party to any action could oust a court of jurisdiction, by presenting an affidavit showing the justice to be prejudiced or biased in the case, and, even though the justice disclaimed such prejudice or bias, it would not avail. If the justice is corrupt a proceeding may be instituted against him to remove him from his office, or he may be proceeded against criminally.

In McDowell v. Van Deusen and Delamater, 12 Johns. 356, the plea of *puis darrein continuance* was interposed and overruled. The court say: "Admitting the truth of the matter set forth in it, it was not such as the defendant could avail himself of, to prevent the trial. It is a genearl principle, that a judge cannot be excepted to, or challenged, for corruption; but must be punished by indictment, or impeachment."

Again, the justice of the peace had no right to dismiss the action and enter judgment against the plaintiff for the costs of the action. If there was any warrant for the court to dismiss the action, even on his own motion, and even though he had agreed with the affidavits presented on behalf of the defendant, he had no authority to enter judgment for costs. The only authority to dismiss an action on account of interest or bias is found in section 46 of the Civil Code, and if it could be held that under that section a court was

authorized to dismiss an action when bias or prejudice was shown to exist, then that section should be taken into consideration upon entering judgment in the action.

Section 3075 of the Code of Civil Procedure expressly provides: " That where the justice is disqualified, for a reason specified in .section 46 of this act, costs shall not be. awarded to either party, but each party must pay his own costs."

While the amount involved in this action is small, yet I believe it involves a matter of right, and said justice having erred, to the prejudice of the plaintiff in the action, the judgment should be reversed, with costs, in favor of the appellant, and against the respondent.

Judgment reversed, with costs.