JACOB MARSHAK, Plaintiff, *v.* CITY OF LONG BEACH et al., Defendants.

Supreme Court, Special Term, Nassau County, July 7, 1948.

*Morris Alfred Vogel* for plaintiff.

*Morton D. Gottlieb, Corporation Counsel (Leonard Zucker-berg* of counsel), for defendants.

C. A. JOHNSON, J. In this action, the plaintiff seeks judgment declaring that the zoning ordinances of the City of Long Beach do not prevent the use as a rooming and boarding house of plaintiff's premises at 216 Monroe Boulevard in that city.

Ample evidence supports the plaintiff's contention that the house in question was used as a rooming and boarding house prior to the enactment of the zoning ordinance and continuously thereafter until it was interrupted by the onerous wartime restrictions placed upon all seaside resorts. The defendants' argument that such use was in violation of restrictive covenants and of other ordinances of the city of Long Beach is of little weight in the face of the evidence of continuous use. The restrictions contained in the Estates of Long Beach deeds have previously been determined in other litigations to be personal covenants rather than covenants running with the land, and the covenants affecting this property are of the same type and necessitate the same construction; and even though no record of the issuance of licenses has been produced, the testimony that such licenses were issued is entitled to credit, particularly since other city records indicate the character of the use of the premises. The court finds that at the time of the interruption of the boarding and rooming house business occasioned by wartime restrictions, the premises were vested with a valid nonconforming use. The vital question is whether such use has since been lost or abandoned.

After this country entered the war, a mortgage on the property was foreclosed. The mortgagee purchased the premises and held title until a sale to the Roman Catholic Church of St. Mary of the Isle. Some of the church authorities contemplated using the premises in some fashion in connection with the church's parochial school, but the diocesan authorities regarded the building as unsuitable for that purpose and they were never so used. Prior to the conveyance by the church to plaintiff's predecessor

in title, a canteen for service men was operated in the building for about two years. Otherwise, no use was made of it except upon a few occasions when gatherings such as communion breakfasts were held there. The city relies upon the church's ownership and use of the premises to defeat plaintiff's action.

Whatever may have been the intended use for which the church purchased the premises, it was never carried into effect; and acts rather than intentions constitute a use of land as that term is used in zoning legislation. (*Chayt* v. *Board of Zoning Appeals of Baltimore City,* 177 Md. 426.) The right to a nonconforming use of the premises seems not to have been abandoned prior to the opening of the canteen. At that time, some partitions were removed, to enlarge rooms previously subdivided; the canteen service included reading rooms, writing rooms, entertainment and the service of refreshments. The city argues that the premises thereby lost the right to the nonconforming use by reason of the terms of section 18 of the Zoning Ordinance which provides, in part: " No building in which a non-conforming use is superseded by a use permitted in the district in which it is located shall again be changed to a use prohibited in that district." Was the canteen a " use permitted in the district "? The court believes not. The only use provided by the ordinance which might include the canteen is " church or other place of worship, convent, parish house or Sunday school building ", and accessory uses customarily incident thereto. The use of the premises for the entertainment of large numbers of soldiers and sailors not members of the parish was a temporary and emergent use, tolerable only because of wartime necessity; it was discontinued when wartime conditions no longer required it. The use was an unusual and extraordinary one, and the church should not be found thereby to have forfeited or surrendered or abandoned the right to a nonconforming use possessed by the property which it still held and which had been found unsuitable for the purpose contemplated in its purchase. When the church sold the premises, they were still structurally useful for that nonconforming use and nothing which happened during the church's ownership had changed their character (*People ex rel. Wohl* v. *Leo,* 109 Misc. 448, affd. 201 App. Div. 857).

One further fact deserves consideration. In 1947, when the plaintiff attempted to use the property as a rooming and boarding house, he was prosecuted for a violation of the zoning ordinance and convicted of that offense in the City Court of Long Beach. From this judgment of conviction, he appealed; there was delay in filing the return on appeal and, at the time of the

trial of this action, the appeal had not been argued. Even had the judgment of conviction been affirmed, it would constitute only prima facie evidence of the facts involved (*Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310). Upon all the evidence adduced upon the trial of this action, this court arrives at a different conclusion.

The plaintiff is entitled to judgment for the relief demanded in the complaint; he must, of course, comply with any valid licensing ordinance of the city. No costs.

The motion heretofore referred to the trial court to vacate an order staying action by the city made by Mr. Justice KLEINFELD is denied.

Proceed on notice.