THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARY G. STEWART, RICHARD W. STEWART and MARGARET R. BURLEY, Appellants.

County Court, Broome County, July 10, 1953.

*John D. Smith* for respondent.

*Charles H. Stewart* and *Robert O. Cotten* for appellants.

BRINK, J. This is an appeal from a judgment of conviction against the three above-named defendants, under an ordinance adopted by the Town of Vestal, Broome County, New York, known as the "Trailer Park Ordinance". The defendants were tried before a Justice of the Peace and a jury, in the town of Vestal, Broome County, New York, resulting in a verdict of guilty by the jury against each defendant on the 7th day of April, 1952. The Justice sentenced each defendant to pay a fine of $25. The information upon which the defendants were tried, charged them with jointly operating a "Trailer Park" as defined in the ordinance in the town of Vestal, Broome County, New York, without first securing an annual permit or license to operate said "Trailer Park" and without paying the necessary fee for each unit and trailer plot in said "Trailer Park", as required by said ordinance.

The ordinance involved in this prosecution, which was adopted the 2d of November, 1949, by the town board of the Town of Vestal and which became effective, the 8th day of December, 1949, provides among other things, that it shall be unlawful within the town of Vestal for any person to construct or operate a "Trailer Park", without first securing written permission from the Town of Vestal and complying with the regulations of the ordinance. The ordinance further provides, that the application for such annual license should be accompanied by

a fee of $5 for each unit and trailer plot in the existing or proposed, " Trailer Park ".

The defendants have appealed to this court on several grounds. The first ground set forth in the affidavit, accompanying the notice of appeal is, that the information on which the warrant was issued was insufficient and defective. The information with relation to the facts, constituting the offense, is made upon information and belief. The defendants are accused of, since on or about the 1st of September, 1950, jointly operating a " Trailer Park " without a license. The sources of the informant's knowledge and the grounds for his belief are stated to be, a deed of conveyance from one of the defendants, Charles R. Stewart, to the three above-named defendants, doing business as, "Stewart's Four Cities Trailer Park ", dated August 30, 1950, and recorded on or about September 1, 1950, and a certificate of assumed name filed by said defendants, dated, August 30, 1950, and filed September 1, 1950, in the Broome County Clerk's office, in which defendants stated, that they were doing business as " Stewart's Four Cities Trailer Park ", at R. D. No. 3, in the town of Vestal, Broome County, New York, as partners.

If the information had charged the defendants with a violation, on or about the 1st day of September, 1950, rather than since on or about the 1st day of September, 1950, it might be argued that, under the presumption, that the facts set forth in the certificate of doing business under an assumed name are true, as provided in section 440 of the Penal Law of the State of New York, the stated source of information was sufficient. However, the information upon which these defendants were convicted, states a continuing crime, presumably, from the 1st of September, 1950, to the date of the verification of the information, namely, the 24th day of March, 1952. Proof of a continuing offense during this period was offered by the prosecution on the trial.

The presumption, that the facts stated in the certificate of assumed name are true, merely establishes that the defendants were operating the " Trailer Park ", September 1, 1950. The statute does not provide for a presumption that the persons named in the certificate continue in actual operation of the business until the certificate is cancelled or revoked. It does not seem, that such presumption of continuity in the operation of the business should be implied, particularly, in a criminal proceeding. No other facts are stated in the information, as a basis for the information and belief of the informant.

The law of this State is well established, that when an information is made upon information and belief, the sources of the information and the grounds for the informant's belief, must be properly alleged. An information cannot be based upon hearsay or suspicion. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *People ex rel. Travis* v. *Knott,* 204 App. Div. 379.) If the sources of information and grounds for belief appear to be inadequate or insufficient on the face of the information, the information cannot be considered adequate to give the court jurisdiction of the proceeding, when a timely objection is made. In this case, defendants' counsel specifically objected to the insufficiency of the information at the opening of the trial.

Although the conviction must be set aside on the grounds already pointed out, certain other important questions have been raised on the appeal which should be discussed.

It is the contention of the appellants, that the "Trailer Park Ordinance" involved in this proceeding, is unconstitutional and illegal, particularly, upon the ground that the license fee provided in the ordinance was excessive and more than sufficient to compensate the municipality for the expense of issuance and recording the license and the cost of inspection.

Under subdivision 11 of section 136 of the Town Law, the town board may provide by ordinance for the licensing and otherwise regulate the running, operation, or conducting business of house trailer camps, tourist camps or similar establishments.

No evidence was offered on the trial, nor has any evidence been produced before this court, by either the appellants or the respondent, to show the actual cost of issuing and recording the license and the cost of the inspection of the licensed premises. This court is unable to hold as a matter of law, that a license fee of $5 for each unit and trailer plot is per se unreasonable and excessive or that it exceeds the cost of the issuance of the license and the inspection of the licensed property.

It is very understandable, that the construction and operation of trailer parks in a residential portion of a town, although serving a useful purpose, might under certain circumstances, create serious problems. For this reason, the Legislature, in its wisdom, has given towns and municipalities the privilege and power to regulate such projects. People living in trailer camps, live in close proximity to each other and a town board might reasonably determine that frequent periodic inspection of sanitary accommodations, garbage disposal and health standards was advisable. The number of trailer plots or units involved, would affect the amount of time and labor involved in such

inspections. On the record, in this case, the court cannot hold, that the ordinance is unconstitutional or illegal.

The appellants also urge, that the Justice of the Peace issuing the warrant was disqualified in that he as attorney was delegated by the town board to prepare and advise regarding the trailer ordinance and in effect, acted as attorney and counsel for the town board. This court does not believe that this point is well taken. The Justice was not acting as village attorney, but as a member of the town board by virtue of his office as Justice of the Peace. In preparing or helping prepare the ordinance, he was merely acting within the scope of his duties as a member of the town board and presumably, was not receiving any extra compensation. The Justice did not have any interest in this case, within the meaning and intent of section 14 of the Judiciary Law. (*People ex rel. Morris* v. *Edmonds,* 15 Barb. 529; *Matter of Hancock,* 91 N. Y. 284.) In the opinion of this court, he was not disqualified from acting in this case, as Justice of the Peace.

By reason of the fact, that the information is defective, on the grounds hereinbefore stated, the judgment of conviction should be reversed and the information dismissed. An order may be submitted accordingly.