William E. J. Connor, J.
These cases are appeals from a judgment of conviction in the Justice’s Court of the Town of Germantown, presided over by the Honorable Lewis E. Lasher, Justice of the Peace. Each of the defendants has pied guilty to the crime of malicious mischief, a violation of subdivision 2 *51 of section 1427 of article 134 of the Penal Law of the State of New York.
Prior to the arrest of the defendants, there had been considerable publicity concerning an alleged wave of vandalism and juvenile delinquency in and about the town of Germantown. The particular charge against the defendants was “that on the 24th day of September, 1957, at the Germantown Cemetery, in the Town of Germantown, County of Columbia, the defendants, against the person or property of the Reformed Cemetery Association did wrongfully, unlawfully, corruptly, falsely, maliciously and knowingly remove two gravestones from the cemetery and left one on the lawn of Lewis Lasher and the other in the front of the residence of Warren Bohnsack.” To this charge each of the defendants entered a plea of guilty. The defendant George R. McDonald was sentenced by the Justice to serve six months in the Columbia County jail, and the defendant John E. Griffen was sentenced to serve one year in the Columbia County jail.
On appeal defendants’ counsel urged several grounds for the reversal of the conviction. It is contended that the court failed to advise the defendants of their rights to counsel at all stages of the proceeding, as prescribed by section 188 of the Code of Criminal Procedure, and the due process clause of the Fourteenth Amendment to the United States Constitution. The Justice’s return to this court, I believe, discloses that the defendants were completely and thoroughly advised of their rights, and this fact is substantiated by the fact that a third defendant charged with the commission of the same crime at the same time, did obtain an adjournment to procure counsel, and an application was made to this court to remove the same, which was done. The statement of a Justice in his return prevents this court from going beyond such an allegation, and the court is bound by the return of the Justice. (People v. Mason, 307 N. Y. 570; People v. Helmes, 144 Misc. 695; People v. Scutt, 160 Misc. 25.)
Another ground of appeal is that the Justice had no jurisdiction because it is contended that the defendants were illegally arrested. An illegal arrest is no defense to a criminal prosecution and does not affect the jurisdiction of the court and a plea of guilty certainly waives the objection. (See Matter of Rose v. McKean, 190 Misc. 982; People v. Burns, 19 Misc. 680.)
It is also urged that the conviction constitutes a nullity in that the information does not state a crime, it being contended that to constitute a violation of subdivision 2 of section 1427 of article 134 of the Penal Law, the information must state , that *52 the defendant was “ not the owner ” of the gravestone removed. I feel that the information stated a crime when it stated that the gravestones were removed from the cemetery and that the act was an act against the person and property of the Reformed Cemetery Association.
The most serious charge upon appeal is the contention of the defendants that the Justice was disqualified because of the fact that the information states that one of the gravestones was left on the lawn of Lewis Lasher, the said Lewis Lasher being the Justice of the Peace before whom the defendants pied guilty. Section 14 of the Judiciary Law of the State of New York provides in part that “A judge shall not sit as such in, or take any part in the decision of, an action * # * in which he is interested ”. It has been held that this interest must be an interest in a pecuniary or property right, and one . from which the judge might profit or lose. (See Matter of Hancock, 91 N. Y. 284.) The question of when a judge should disqualify himself is generally one of conscience. Some judges disqualify themselves only when in their own mind their connection with the case is such that they feel they cannot be fair and unbiased. The practice which impresses me is that a judge should disqualify himself whenever there might be the slightest impression upon the part of a litigant that his decision might be swayed by his connection with the case or his interest in the case, for it is important in the administration of justice not only that our courts be presided over by judges who are fair and impartial, but it appears to this court that it is equally important that litigants believe that they are being tried by a judge who is fair and impartial and not influenced by any personal interest in the case. The circumstances surrounding this case were such that if the Judge had been asked to disqualify himself, had refused, and had then tried and decided the case adversely to the defendants, the judgment of conviction would necessarily have to be reversed. It is quite apparent that if the Judge had been drawn as a juror for the trial of the case, the tombstone having been placed upon his property, a challenge for implied bias by a defendant would have been sustained. But here the defendants did not object to the jurisdiction of the Justice of the Peace and they entered a plea of guilty. In fact, the defendants in their affidavit upon appeal, do not state that they did not perform the acts with which they were charged. The Justice of the Peace is an honorable gentleman who states upon this appeal that he did not believe that he was disqualified. He had been taught in a Justice’s Court school it was his duty to try all cases that were brought *53 before Mm. Under the circumstances I do not believe that the conviction upon the plea of guilty should be set aside.
When we come to the question of the amount of punishment involved, however, we must again refer to the question of the disqualification of the judge. I am mindful that the punishment of defendants serves two purposes, one, the punishment for the crime that has been committed, the other, its value as a deterrent to others. In addition to preventing the offender from repeating the offense for a certain period, it demonstrates to others the probable consequences if they commit a violation similar to the one for wMch the example has been set. On the whole, I believe that the deterrent force of severe penalty has been highly overrated, and that those who place great value upon it are unrealistic. A stubborn reliance on deterrence results in making sentences increasingly severe, and excessively severe sentences produce deteriorating effects on prisoners, without corresponding benefits to society.
I believe that the sentences imposed in this case were excessive. Ordinarily, I would not attempt to substitute my judgment for that of the Justice of the Peace, but under the circumstances of the publicity surrounding the wave of vandalism in the community where the Justice resides, and the fact that the tombstone was placed upon the Justice’s own lawn, these circumstances may well have unknowingly and unconsciously affected the Justice’s decision in the amount of pumshment imposed. I doubt that a shorter term of imprisonment would have had any less deterrent effect. Ordinarily in the case of a misdemeanor defendants are not given the maximum sentence of one year, except in cases of hardened criminals, and then generally when the misdemeanor falls just short of a felony. The defendants were both 18 years of age, had no felony convictions, could have been, but were not, treated as youthful offenders, and the punishment of confinement in a county jail for the terms imposed, which is far more severe punishment than confinement in a reformatory or even a State prison, is therefore in my opinion unduly harsh.
Believing that the best way to protect society is to change convicted offenders into law-abiding citizens, I accordingly reduce the sentences as follows: in the case of John E. Griffen, the defendant is to be confined in the Columbia County jail for a period of 120 days and is to be placed upon probation for a period of one year; in the case of George B. McDonald, the defendant is to be confined in the Columbia County jail for a period of 60 days, and is to be placed upon probation for a period of one year.