Frank J. Kronenberg, J.
Defendant was tried before a Justice of the Peace of the Town of Lockport and a jury on charges of violating a zoning ordinance and a licensing ordinance of the town by operating motorcycle races on his property. Found guilty on both charges, he appeals alleging various errors, only one of which need he considered.
Defendant asserts that the Justice of the Peace who presided at his trial should have granted defendant’s motion that he disqualify himself.
The Town of Lockport has a population under 10,000 and therefore is a second class town under section 10 of the Town Law. Section 60 of that statute provides that justices of the peace in second class towns are ex officio members of the Town Board.
*321 Section 14 of the Judiciary Law prohibits a judge from sitting in any matter in which he is interested. This section applies to justices of the peace. (Truesdell v. Winne, 44 Misc. 451.) Section 492 of the Justice Court Act is similar.
Defendant points out that the Justice of the Peace who conducted his trial was a member of the Town Board which enacted the ordinances he is alleged to have violated. This circumstance is not by itself sufficient to disqualify. (People v. Stewart, 204 Misc. 490.)
However, defendant also recites that the Town of Lockport has before this trial instituted an action, now pending, in the Supreme Court to restrain defendant from operating motorcycle races on his property. The Supreme Court action was, of course, instituted by direction of the Town Board and is under the control of the board. It is reasonable to assume therefrom that the members of the board, including the Justice of the Peace, believe the defendant to be legally in the wrong in operating motorcycle races.
Also there is authoritly that the conviction herein would strengthen the town’s position in the Supreme Court suit, as prima facie evidence of the facts involved. (Marshak v. City of Long Beach, 195 Misc. 125, affd. 278 App. Div. 966.)
The Justice of the Peace should have disqualified himself. Finding that the circumstances were apt to cause prejudice on the part of a magistrate, we there terminate our inquiry, even though the record is barren of any exhibition of partisanship by this particular Magistrate.
The citations which follow show that we much reverse when a magistrate has been exposed to the virus of bias, without investigating as to his immunity.
“Nemo debet esse judex in propria causa” is an ancient maxim derived from civil law. It has been called a “fundamental rule of reason and of natural justice ”. (Bur. S. C. 194, 197.)
It is well-settled law in New York that “ ‘ the State is bound to furnish to every litigant not only an impartial judge, but one who has not, by any act of his, justified a doubt of his impartiality. ’ ” (Moers v. Gilbert, 175 Misc. 733, 737, affd. 261 App. Div. 957.) *322 aliunde the record. * * * In the administration of justice it is not only requisite that a judge should be honest, unbiased, impartial and disinterested in fact, but equally essential that all doubts or suspicion to the contrary should be jealously guarded against and eliminated. Not only is it the duty of a judge to render a righteous judgment but it is of transcendent importance to the litigants and the public generally that there should not be the slightest suspicion as to his fairness and integrity. Caesar demanded that his wife should not only be virtuous but beyond suspicion. The people should not exact less from the judiciary, the most powerful branch of our government.” (People ex rel. Union Bag & Paper Corp. v. Gilbert, 143 Misc. 287, 288-289, affd. 236 App. Div. 873.)
*321 ‘ ‘ Courts should scrupulously maintain unsullied their dignity and integrity. Every litigant is entitled to nothing less than the cold neutrality of an impartial judge who must possess the disinterestedness of a total stranger to the interests of the parties involved in the litigation, whether that interest is revealed by an inspection of the record or developed by evidence
*322 “ The question of when a judge should disqualify himself is generally one of conscience. Some judges disqualify themselves only when in their own mind their connection with the case is such that they feel they cannot be fair and unbiased. The practice which impresses me is that a judge should disqualify himself whenever there might be the slightest impression upon the part of a litigant that his decision might be swayed by his connection with the case or his interest in the case, for it is important in the administration of justice not only that our courts be presided over by judges who are fair and impartial, but it appears to this court that it is equally important that litigants believe that they are being tried by a judge who is fair and impartial and not influenced by any personal interest in the case. The circumstances surrounding this case were such that if the Judge had been asked to disqualify himself, had refused, and had then tried and decided the case adversely to the defendants, the judgment of conviction would necessarily have to be reversed.” (People v. McDonald, 8 Misc 2d 50, 52.)
As the above cases indicate, the common-law requirement of a direct pecuniary interest before disqualification becomes mandatory, is no longer the law in this State. (Wilcox v. Royal Arcanum, 210 N. Y. 370.) Also fine distinctions between “ interest ” and “ bias ” mentioned in Truesdell v. Winne (44 Misc. 451, 452, supra) are no longer heeded. The opinion in this case comments that “ our courts have been careful to keep unsullied their dignity and integrity, when conditions were such that criticism might be invoked on account of implied bias on the part of a judge. The reason for the adoption of this practice has been held to be, that ‘ Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge.’ ”
*323 The rule is, of course, the same in criminal as in civil cases. (People v. Connor, 142 N. Y. 130.)
The present broad provisions of section 764 of the Code of Criminal Procedure remove any doubt that once may have existed (see Truesdell v. Winne, supra) as to the power of an appellate court to pass upon a question of disqualification of a trial judge.
There should be a new trial before a Justice of the Peace in this county (Code Crim. Pro., § 56) who is not a member of the Lockport Town Board. If the parties cannot agree on such justice this court will select one.
Judgment of conviction reversed, fine remitted, and new trial ordered as above.