John P. Cohalan, Jr., J.
Motion of plaintiff for an order to stay a criminal prosecution pending before the Court of Special Sessions of the Town of Southold is denied and the stay contained in the order to show cause is vacated. Plaintiff is charged *979 with a violation of section 601 of the Zoning Ordinances of the Town of Southold in that he has an automobile trailer on his property in violation of the ordinance. Plaintiff contends that the Justice of the Peace before whom the action is to be tried is disqualified because of his interest in the subject of the prosecution. The Justice of the Peace is a member of the Town Board of the Town of Southold, which Town Board enacted the zoning resolution, the subject of the prosecution. The mere fact that the Justice of the Peace, directly or indirectly, took part in the adoption of the resolution pursuant to the provisions of the Town Law of the State of New York does not bar the Court of Special Sessions from proceeding with the prosecution for violation of an ordinance. The Criminal Code provides for prosecution for violation of an ordinance and does not prohibit such prosecution in the Court of Special Sessions in the township where the violation occurs. The law directs that such prosecution be had before the Court of Special Sessions in the town in which such alleged violation occurs. (See People v. Todrick, N. Y. L. J., Dec. 10, 1964, p. 19, col. 4; People v. Stewart, 122 N. Y. S. 2d 843, 846.) This case concerned a violation of a Trailer Park Ordinance. It was there determined that the Justice of the Peace who was also a member of the Town Board, was not disqualified from presiding in the case as the Magistrate. (Also, see, People v. Kohl, 17 Misc 2d 320.)
Plaintiff also contends that the ordinance is unconstitutional and that the legality of such ordinance should not be determined in the Court of Special Sessions. There is no reason why the claimed illegality of the ordinance may not be presented as a defense to the prosecution. If plaintiff is unsuccessful in his defense in the criminal prosecution, he has the right of appeal. This court is reluctant to interfere with the criminal jurisdiction of the Court of Special Sessions. (Commander Oil Corp. v. Town of Oyster Bay, 41 Misc 2d 926, 928.) “In short, ‘ [e]quity will not restrain a criminal prosecution save in rare instances, of which this is not one ’, and at the opening of the trial in the District Court the plaintiff herein may present its claims and the District Court can then make a determination thereon (Mellon v. Geoghan, 240 App. Div. 841 [2d Dept.]) ”.
Also, see, the subject of Injunction in Volume 28, New York Jurisprudence (§ 145): “ The mere alleged invalidity or unconstitutionality of a criminal statute or ordinance is not of itself sufficient to authorize equitable intervention to restrain the enforcement thereof or a prosecution brought thereunder, insofar as such invalidity or unconstitutionality may be inter *980 posed as a complete defense to any prosecution based on Such statute or ordinance. ’ ’
The motion is accordingly denied and the temporary stay is vacated.