George F. X. McInerney, J.
Motion for leave to reargue the defendant’s motion to transfer a pending criminal action against him to a Magistrate outside the Town of Southold is denied.
The defendant was involved in an automobile accident with a police car of the Southold Town Police Department for which he received a summons for a violation of the Vehicle and Traffic Law. On the return date of the summons a motion was made to have the Justice of the Peace disqualify himself on the theory *137 that since the actual owner of the police car was the town, the Justices of the Peace as members of the Town Board of a second class town were interested in the outcome of the proceeding, it being alleged that a conviction of the defendant would enhance the town’s position in a possible civil suit. It was further alleged that the Justice’s impartiality would be impaired by information furnished him by other members of the Town Board concerning the situation. The trial was to be by the court without a jury.
The Justice did not disqualify himself, the motion was denied and the defendant brought the instant motion in County Court seeking to have the Justice disqualified pursuant to section 702-a of the Code of Criminal Procedure. The motion was denied and defendant now seeks leave to reargue.
The court holds that the Justice is not disqualified by the mere fact that he is a Town Board member. His financial interest in the outcome of a possible civil action is so attenuated as to be imperceptible and while his political image might be drastically and irreparably altered by many unforeseen and apparently unimportant events which later appear as total catastrophes, even the most wary could hardly envision an enraged and disillusioned electorate turning him out of office because of a civil judgment in favor of the defendant. Indeed a realist might more readily suggest that such a pecuniary victory for the private citizen over an appendage of the featureless municipal octopus would redound greatly to the credit of such a perspicacious and forward looking jurist.
The information allegedly to be given to the Justice by his fellow board members would not appear any more prejudiced than any other source of hearsay to which he would inevitably be exposed such as newspapers, radio, or the local barbershop.
Great stress is placed by the defendant upon People v. Kohl (17 Misc 2d 320), yet this case can be cited as authority that the fact that a Justice sat as a member of a Town Board which enacted an ordinance did not per se disqualify him from presiding at a trial concerning its violation, or its constitutionality (People v. Stewart, 204 Misc. 490) since these situations do not constitute an interest within the meaning and intent of section 14 of the Judiciary Law. The Kohl case was determined upon additional facts not here present.