Lyman H. Smith, J.
Defendant-appellant appeals from a judgment of a Court of Special Sessions, the Hon. M. Lyman Pierce, Town Justice of the Town of Starkey, presiding, under which the said defendant has been found guilty after a trial without a jury on July 11, 1968, of a violation of the town’s “ junk yard ” ordinance, designated as Local Law No. 1-1966. Upon conviction the court imposed a fine of $25 and directed that the defendant comply with the said local law within 30 days.
The defendant-appellant in his affidavit of errors contends, inter alia, ‘‘ that the record is wholly devoid of proof of any violation * * * in that there was no proof that any or all of the vehicles specified in the charge were no longer intended or in condition for legal use on the public highways ”. The record seems to bear out appellant’s contention.
The testimony of the Town Supervisor and Town Constable, the only witnesses called for the prosecution, did establish that there were “ 2 cars, 1 bus and 2 stock cars ” present on the defendant’s premises on two or more dates during May and July of 1968. The testimony of these witnesses paraphrased the information charging the violation and little more, other than to note that the vehicles were “ unregistered ”, apparently referring to the absence of license plates, and that none of these vehicles carried “ inspection stickers ”. The transcript failed to reveal any helpful testimony as to either the actual operating condition of the observed vehicles, or any facts from *720 which the intention of the owner of the premises could be inferred or determined.
The town’s Local Law No. 1-1966 prohibits any person from operating, establishing or maintaining a “junk yard” unless he has obtained a license to operate a junk yard business and has obtained a certificate of approval of the location of such a junk yard. This local, law, with the exception of the penalty provision therein, is virtually a verbatim copy of section 136 of the General Municipal Law (L. 1965, ch. 1040, eff. Sept. 1, 1965). Subdivision two of the Town’s ordinance defines a “ junk yard” as follows: “ Definitions. For the purposes of this section, ‘ junk yard ’ shall mean any place of storage or deposit, whether in connection with another business or not, where two or more unregistered, old, or secondhand motor vehicles, no longer intended or in condition for legal use on the public highways, are held, whether for the purpose of resale of used parts therefrom, for the purpose of reclaiming for use some or all of the materials therein, whether metal, glass, fabric or otherwise, for the purpose of disposing of the same or for any other purpose.” (Emphasis supplied.)
On its face this definition seems to classify all storage or deposit of old unlicensed motor vehicles as a junk yard ‘ ‘ whether in connection with another business or not ” and “ whether for purpose of resale of used parts ” [or] “ for purposes of reclaiming materials therefrom” “ or for any other purpose.” But when this definition is read in context with subdivision one of the Local Law (cf. General Municipal Law, § 136, subd. 1), which sets forth a statement of the Town Board’s legislative intent, it becomes clear that the fair intendment of the Local Law is to create a “ clean, wholesome, attractive environment ” in the township and, in a word, prevent unsightly junk yards and also prevent accumulation of junk motor vehicles as a “hazard” to health and safety. The local law does not prohibit “ junk yards ”. It only seeks to assure their aesthetic sightliness and their safe operation for the general health and welfare of the town’s citizens. Subdivision one of the Local Law makes this clear in its concluding sentence, which reads as follows: “At the same time, it is recognized that the maintenance of junk yards as hereinafter defined, is a useful and necessary business and ought to be encouraged when not in conflict with the express purpose of this section.”
In sum, this court is of the opinion that the local law intends to prohibit the unsightly and unsafe storage of old, used, unli *721 censed motor vehicles for purposes similar to or related to usual types of junk business.
What proof then is required that the ordinance has been violated? It would seem there are three main elements of proof: (1) That there are facts which reveal beyond a reasonable doubt that two or more old, used, unlicensed vehicles are stored or deposited on the premises of the defendant; (2) that there are facts from which the court may determine beyond a reasonable doubt that (a) the vehicles are not in operating condition and cannot be registered for use on the public highways, (b) that the owner has no intention of licensing the vehicles, and (c) that the owner stores the vehicles on his premises for purposes similar or related to a junk business; and (3) that the defendant owner, or operator, has failed to obtain the certificate of approval of location and the license required by the ordinance.
To put it another way: Mere storage of old automobiles without proof of facts from which the trial court may determine the operating condition of the vehicles or the intention of the operator of the storage area, i.e., as to use and licensing, will not sustain a finding that the local ordinance has been violated. Such proof must necessarily rest upon facts which satisfy the trial court beyond a reasonable doubt that the circumstances reveal a violation of the clear intention of the “junk yard ” law. In every case the acts of the defendant operator and the circumstances surrounding the storage or deposit of the vehicles will speak louder than his words.
In the instant case the complainant town officers failed to develop facts upon which the trial court could malee a determination.
The defendant-appellant further ascribes error to an alleged investigative report in the possession of the Honorable Trial Justice which was not made a part of the record and to which the defendant had no opportunity to reply. It is not clear from the record whether such report, if any, worked to the prejudice of the defendant in this case. Suffice it to say, care should be taken in all such proceedings to avoid the use of evidence prejudicial to either the township or defendant and to assure that the ultimate determination of the trial court will be made only upon legally competent evidence.
It is concluded the Court of Special Sessions had jurisdiction to summarily hear, try and determine the issues raised by the information charging the violation of Local Law No. 1-1966 (See UJCA, § 2001). In passing it should be noted that the conduct proscribed by the said local law is a “ violation” of *722 a lesser grade than a misdemeanor and falls within the purview of the restrictive penalty provisions set forth in section 55.10 of the revised Penal Law.
Upon the law and the facts, the judgment of conviction and sentence thereunder are set aside, the information dismissed, and the fine remitted.