Liston F. Cook, J.
There is a prosecution pending against defendant in the Town Court, Town of Tyrone, County of Schuyler, for an alleged violation of a “ junk yard ” ordinance adopted by the Town Board on June 7,1967.
Defendant moves for a change of venue to a Town Court of a different town on the grounds that the Town Justice scheduled to preside over the trial was a member of the Town Board which adopted the ordinance. The thrust of his seeking such a removal is that the Justice is disqualified because of his interest in the subject matter of the prosecution. Hence, according to his reasoning, an impartial trial cannot be had.
However, nowhere in the moving papers or in argument of counsel has there been any showing or demonstration that a fair and impartial trial cannot be had. Nothing was shown indicating any bias or prejudice on the part of the justice in question. In fact there has been no showing that this Justice, as a *86 member of the Town Board, voted in favor of the ordinance. He may very well have cast a dissenting vote. This court is being asked to rule in favor of the defendant on what, at this point, is pure speculation unless there is some basis in law for granting the relief requested.
A Town Court, acting as a Court of Special Sessions, has original jurisdiction of all misdemeanors and of all offenses and violations of a grade less than misdemeanors, including traffic infractions committed within the town of which he is a Justice. (UJCA, § 2001.) Town ordinances are included within these categories. (Town of Starkey v. Hill, 57 Misc 2d 719.)
In a town of the second class, which the Town of Tyrone is, the Town Justices are members of the Town Board and are therefore qualified and authorized to join in the exercise of such powers as the Town Board has. (Town Law, § 60.)
Thus there is authority in the law for a Town Justice to participate in the adoption of local laws and thereafter to preside over prosecutions for alleged violations of such laws. This posture is not, per se, grounds for disqualification (People v. Kohl, 17 Misc 2d 320) and such a Town Justice is not deemed to have an interest in the ease within the meaning and intent of section 14 of the Judiciary Law. (People v. Stewart, 204 Misc. 490.)
There are no provisions in the Code of Criminal Procedure which would prevent a Town Justice from acting in a case involving a subject in which he previously acted legislatively. Section 702-a of the Code, relating to transfer by reason of disqualification, does not apply to a situation such as we have here. (People v. Todrick, 46 Misc 2d 136.) Nor will a proceeding lie to stay a prosecution. (Mann v. Town of Southold, 44 Misc 2d 978.)
The only reported case which the court could locate, where the role of a Town Justice sitting in a case for a violation of a town ordinance was found untenable, was People v. Kohl (supra), which was a case on appeal from conviction. The County Court found, from the record, that the Justice should have disqualified himself. Special circumstances were present in that case. The Town Board had passed a zoning and licensing ordinance relating to the operation of motorcycle races. The defendant was prosecuted for a violation of that law. However prior to the trial, the Town Board had initiated and there was still pending in the Supreme Court an action to restrain defendant from operating motorcycle races. The appellate court found that the Town Board, including the Justice, had a formed desire to *87 secure a conviction since that would strengthen the position of the town in the injunction suit.
Counsel for defendant has submitted an unreported decision by the County Judge of an adjoining county wherein a transfer was granted in an almost identical ‘ ‘ junk yard ” ordinance case. I must respectfully disagree with my colleague. The Judge stated, “I feel sure that both the People and the Defendant would obtain justice were this case tried and determined before either of them ” (meaning the two Town Justices). Nevertheless he granted relief, by saying, ‘‘1 believe further, however, it is wrong for a member of the judiciary to sit in judgment of a violation of a law, in which he acted as a member of the legislative body in enacting.”
This court also believes the dual role to be wrong, but that the proper solution to the problem belongs in the halls of the Legislature and not in the courts. There is much room for improvement in the lower court system but it must be accomplished by the proper bodies and not by the type of judicial intervention here requested.
Defendant’s motion for transfer is denied.