Herman H. Tietjen, J.
Defendant is charged with violation of the Town of Bhinebeck Zoning Law entitled Local Law No. 1 for the Town of Bhinebeck for the year 1971 in regard to the storage and sale of motor vehicles in an area zoned against this use. Defendant pleaded not guilty to the charge and brings before this court a motion asking the following relief: (1) to dismiss all charges on the ground that the statute pursuant to which he has been arrested is unconstitutional because it provides for a penalty if convicted of a sentence of imprisonment for a period of not more then six months and (2) that this *517 writer should disqualify himself as Judge on the ground that he “ may be too familiar with all the witnesses on the Peopled side.”
Section 422 of Local Law No. 1 states: “ Any person, firm or corporation who violates, disobeys, neglects or refuses to comply with or resists the enforcement of any of the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $50.00 or imprisonment for a period of not more than six months or both so fined and imprisoned for each offense.”
Defendant alleges that the above section is unconstitutional because it fails to. provide for a jury trial. In order to determine whether defendant is correct a number of considerations must be made: (a) whether section 422 of Local Law No. 1 is consistent with the Town Law, and if it is not, whether the Town Law prevails; (b) whether a breach of a zoning law is an unclassified misdemeanor or a violation under the present Penal Law; (c) whether under prior or current law defendant would have been entitled to a jury trial?
Section 422 of Local Law No. 1 uses the term “ misdemeanor ” rather than “ offense ” as found in subdivision 1 of section 268, and subdivisions 1 and 2 of section 135 of the Town Law. In all other respects the local law and the Town Law are in general conformity. Since the local law is inconsistent with the Town Law in relation to the designation given to a breach of the zoning law, which of these laws prevail? Subdivision 1 of section 268 of the Town Law is part of article 16 of the Town Law. This article generally outlines the procedures and organization to be followed by local government in regard to zoning. In addition, it also prescribes the maximum penalty which a town may establish for breach of its zoning law. Where a town by local enactment exceeds the State law, the State law will prevail (see People v. Gerus, 19 Misc 2d 389). In this instance, the town law has exceeded the State law by classifying a breach of the zoning law as a “ misdemeanor ” rather than a “ offense ”, and the State law must therefore prevail.
The next question to be answered is: assuming the State law prevails, is a breach of the zoning law a crime, petty offense or other under current law and under prior law? The Legislature amended subdivision 1 of section 268, and subdivisions 1 and 2 of section 135 of the Town Law in 1958 (L. 1958, ch. 606) when it inserted the word “ offense ” in place of the word ‘ ‘ misdemeanor ’ ’ and added an additional sentence which specifies clearly that for enforcement purposes only, a breach of a *518 zoning law should be deemed a misdemeanor, however, for the purpose of conviction, a violation of a zoning law would be deemed to be an offense.
It is necessary to consider the term “ offense ” as it applied in 1958 and prior to the revised Penal Law (L. 1965, ch. 1046). It was said by one court in Matter of Wickham v. Pafumi (45 Misc 2d 344, 346) to be an unlawful act which “ ‘ not amounting to a crime, ’ ” as defined in the Penal Law of 1909, “ ‘ but which by statute carries with it a penalty similar to those imposed by law for the punishment of a crime ’ ”. A review of the old Penal Law (§2, subd. 6) defined “ crime ” as a felony or a misdemeanor. Furthermore, a misdemeanor was said to include “ any other crime.”
The question thus becomes, did the term “ offense ” as found in subdivision 1 of section 268 of the Town Law as amended in 1958 mean a crime as it was then understood or did it have some other connotation. This court concludes that it was the Legislature’s intent to remove a breach of a zoning law from the classification of being a crime and make it a quasi-criminal breach of the law which is now known as a violation. This conclusion is supported by the nature of the amendment made in 1958 because the Legislature added an additional sentence setting forth for enforcement purposes only the proviso that those rules applying to the enforcement of crimes designated a misdemeanor would apply in this instance but for conviction purposes and record purposes, a breach of a zoning law would not be considered a crime. The Legislature had no other choice under the prevailing definition. Therefore, a breach of a zoning law was prior to the adoption of the revised Penal Law not a crime despite the penalty provided for the breach.
The revised Penal Law established a different classification for unlawful acts (see Penal Law, § 10.00). The word “offense” took on a new meaning under the revised Penal Law, a meaning wholly unlike the former definition, in fact, the term ‘ ‘ violation ’ ’ replaces the connotation formerly given to “offense”. It is necessary to determine whether subdivision 1 of section 268 of the Town Law should now be classified as an “ unclassified misdemeanor ” or “ violation ” as set forth in section 55.10 of the Penal Law. This problem will frequently confront the courts as it becomes necessary to construe the effect of other sections contained in the statutes of this State relating to specific laws (see People v. Rodman, 65 Misc 2d 123) and the court will have to choose between paragraph (c) of subdivision 2 of section 55.10 of the Penal Law and paragraph *519 (b) of subdivision 3 of section 55.10. Section 5.00 of the Penal Law sets forth a general rule that a penal statute is not to be strictly construed but rather construed ‘ ‘ according to the fair import of their terms to promote justice and effect the objects of the law.”
When one reads the penalty provisions of subdivision 1 of section 268 of the Town Law, i.e.: up to $50 fine or up to six months in jail, or both, one is led to interpret this to be classified as an “ unclassified misdemeanor.” However, when one considers the meaning of “ offense ” as it was understood prior to the enactment of the revised Penal Law and the very nature of the amendment made to the Town Law in 1958, one can say that despite the fact that subdivision 1 of section 268 of the Town Law did provide a term of imprisonment for in excess of 15 days, a violation of a zoning law was in fact not to be considered a crime but rather to be considered an offense of a grade less than a misdemeanor.
Taking into consideration the admonishment provided in section 5.00 of the Penal Law that the ends of justice and objectives of the law should be considered in construction of the Penal Law and penal statutes, this court would classify a breach of the zoning laws to be a violation within the meaning of section 55.10 of the Penal Law rather than an “ unclassified misdemeanor ” for the following reasons: (a) it clearly appears that the Legislature intended to reduce a breach of a zoning law from being a crime to a quasi-criminal offense; (b) zoning violations and zoning itself is essentially a civil matter just as most vehicle and traffic violations, although criminal procédures and forms are applied; (c) appellate courts would tend to view a breach of a zoning law as a violation below the grade of misdemeanor rather than being a misdemeanor. Therefore, this court is of the opinion that both prior to the enactment of the revised Penal Law and subsequent to its enactment, defendant would not be entitled to a trial by jury.
In regard to this motion it is also necessary to consider the Supreme Court’s decision in Baldwin v. New York (399 U. S. 66) which laid to rest the question of whether a defendant in a situation such as this is entitled to trial by jury. Taking a purely objective approach, the Supreme Court decided that where the statute does not provide a jail term in excess of six months, the breach of law is considered ‘ ‘ petty ’ ’ and not “ serious,” and there would be no constitutional right to trial by jury (see 399 U. S. at 68). The court used the “ near-uniform judgment of the Nation ” (399 U. S. 66, 72) theory to justify *520 its ‘ ‘ objective criterion ’ ’ approach. Subdivision 1 of section 268 of the Town Law does fall within the “ near-uniform judgment ” theory and certainly was one of the types of statute to which the court addressed itself. Therefore this court is of the opinion that even absent the considerations which were given above, on the authority of Baldwin alone, defendant would not be entitled to a jury trial. As one additional consideration which this court wishes to interpose, violations of zoning laws often involve technical questions of fact, local law or ordinance, which are best resolved by a court without jury. In view of this, it would appear logical that zoning cases should be heard before a court without a jury.
Defendant also moves that this writer not hear the case since he “ may be too familiar with all the witnesses on the People’s side,” and this case should be either transferred to another Justice of this court or to an adjoining Town Court. The charge of bias or prejudice on the part of a Judge has become frequently used and requires careful examination. Defendant does not set forth any of the names of the witnesses which this court should be “familiar with ” and thus this writer is only able to make a general determination.
A Town Justice Court is one of original jurisdiction over infractions, violations and misdemeanors occurring within its jurisdiction (CPL 10.20, 10.30, 20.50). This is especially true in regard to zoning law violations (Mann v. Town of Southold, 44 Misc 2d 978; People v. Dombroski, 63 Misc 2d 85; see, also, People v. Capuano, 68 Misc 2d 481), except, however, where the Judge is a member of a town board which is in the position of being a litigant in a related action against the defendant (People v. Kohl, 17 Misc 2d 320) and in which case all Judges of the town who are members of that town board would be disqualified under section 14 of the Judiciary Law, and CPL 170.15 (subd. 3) (see, also, People v. Capuano, 68 Misc 2d 481, supra). By recent action of the New York Legislature, when it added section 60-a to the Town Law, the Legislature in essence reaffirmed its existing position that a Town Justice of a second class town may hold a dual role. By having added a new section to the Town Law, the Legislature did not mandate removal of the Town Justice but rather left it open to local option.
In the absence of any statutory or decisional disqualifications, it remains within the Judge’s discretion as to when he should disqualify himself from hearing a case. Bias and prejudice are the usual reasons given for asking that a Judge disqualify himself. What do these terms mean! Bias has been *521 defined in Black’s Law Dictionary (4th ed., 1961) as a “ condition of mind, which sways judgment and renders judge unable to exercise his functions impartially in particular case. ’ ’ Prejudice has been defined in part by Black’s {supra), as “ that which disqualifies judge is condition of mind, which sways judgment and renders judge unable to exercise his functions impartially in particular case * * * It refers to mental attitude or disposition of judge toward a party to the litigation, and not to any views that he may entertain regarding the subject matter involved.”
Bias or prejudice can be subjective or shown by an objective course of conduct. In situations where subjective bias may exist one can only rely on judicial conscience (see People v. McDonald, 8 Misc 2d 50; People v. Rowley, 48 Misc 2d 26; People v. Todrick, 46 Misc 2d 136; Milonas v. Schwalb, 65 Misc 2d 1042, and People v. Capuano, 68 Misc 2d 481, supra). The situation is certainly easier where there has been an affirmative showing of bias, nevertheless, unless it is violative of a statute, the courts are not constrained to disqualify a Judge except in exceptional cases (see Matter of Fitzgerald v. Wells, 14 Misc 2d 435; People v. Kohl, 17 Misc 2d 320, supra).
A question as to when a Judge should disqualify himself is a matter of conscience, fact and circumstances. People v. McDonald (8 Misc 2d 50, supra), is illustrative of the strict approach which contends that where there is the ‘ ‘ slightest impression ’ ’ given of possible judicial bias, the Judge should not sit. It is this writer’s opinion that Judge Commit’s often quotéd dictum in McDonald, was in part aimed at curing a particular local situation rather than announcing new law. If one were to follow this dictum to the letter it would amount to a denial of an effective judiciary at the local level since a Town Justice must be and remain an elector of the town in order to hold office (Town Law, § 23). Certainly, when a Judge is part of a community, he by the mere fact of living in that community is aware of extrinsic facts in regard to cases before him. One must then rely on the Judge to exercise judicial fairness and impartiality and shut out of his mind these extrinsic facts and hear the case before him on the evidence as presented. Living in the local community, a Judge will certainly be frequently acquainted in some way or other with not only the parties to an action before him but also possible witnesses. It would then have to be decided as to the degree of acquaintance with the witnesses and parties in order for the Judge to determine as to whether he should disqualify himself.
*522 An approach which impresses this writer is found in Matter of Diana A. (65 Misc 2d 1034, 1037) when the court said “ a Judge must be deemed equally qualified to render a determination on the basis of evidence presented at the trial •* * * and to abjure any other impression of the facts ”. The Judge in Matter of Diana A. (65 Misc 2d 1034, supra), relied upon People v. Brown (24 N Y 2d 168) where the Court of Appeals was asked to disqualify a lower court Judge from hearing evidence at a suppression hearing after he had sat as Trial Judge in the same matter. The court rejected defense arguments that the lower court Judge should be disqualified by the observation that as a result of the Judge’s superior learning and background he is, unlike a juror, better equipped to make an objective decision. It noted “ In our own deliberations in this court, we are called upon to objectively consider questions of law and reverse convictions even though upon reading the entire record we are convinced of the guilt ” (24 N Y 2d at 173).
Based upon the following, this writer believes that there should be more than a slight showing of judicial bias. A proponent should be required to show that it would appear to a person of reasonable discretion that despite a Judge’s superior knowledge of the law or despite his avowed duty to render impartial justice, there are present circumstances which would place in serious doubt the advisability of that Judge to hear the case before him. The proponent should be required to show clear circumstances which would render a particular Judge unfit to hear the case pending before his court.
There is no doubt in this writer’s mind that all parties to a proceeding are entitled to justice. Nevertheless, the administration of justice must be founded upon realistic considerations. In regard to the town courts, not only must the Judge be a resident of his town, he is frequently faced with the administrative tasks performed by a clerk. Unlike his colleagues on the higher courts, the Town Justice might at times be possessed of knowledge of facts about participants in a matter before him that are not germane to the proceeding. Nevertheless, this knowledge should not deprive him from hearing the case unless it can be shown by the defendant that this knowledge would override any other considerations that might be stated in favor of the Justice hearing the case. Therefore, defendant’s motion to have this writer disqualify himself is denied since there has not been demonstrated that this court could not render fair judgment based upon the facts.