OPINION OF THE COURT
David B. Saxe, J.
Is recusal from a case by a housing court Judge of the Civil Court of the City of New York and a reassignment of that particular landlord-tenant proceeding to another Judge (a) a violation of 22 NYCRR 2900.35 (/) which states that only the Presiding Judge of the Housing Part shall make assignments; and (b) a violation of the accepted practices of the housing court, to the effect that once a part is assigned, it may not be changed unless the Judge in that part is unavailable?
This issue is raised in the context of an article 78 proceeding. The petitioner here alleges that housing court Judge Dubinsky declared a mistrial and recused himself from a prior landlord-tenant proceeding in which the law firm of Fischbein, Olivieri, Rozenholc and Badillo, who represent the petitioner here, had represented the tenant. It is alleged that Judge Dubinsky stated that he would no *573 longer accept any assignment of housing cases to him in his part (Part 49 G), in which Fischbein, Olivieri, Rozenholc and Badillo were counsel and had in fact effected the transfer of the prior proceeding to another part (Part 49A).
The petitioner contends that the effect of the reassignment of the underlying landlord-tenant proceeding is to treat him in a manner different from other tenants and thereby stigmatize him for his choice of counsel. It is claimed by the petitioner that Judge Dubinsky and the other respondents exceeded their authority by reassigning the underlying proceeding.
The respondents argue that the calendar clerk is free to exercise discretion in assigning cases according to the workload of the court; that the reassignment to 49A was made when the proceeding was returned to Part 49 from Part 53 after a motion to strike a jury demand was granted, and was therefore in the nature of a proceeding being assigned for the first time; that 22 NYCRR 2900.35 (Z) does not require that the Presiding Justice must assign the cases personally but that this task has been properly delegated to the clerk of the court; that since petitioner had not availed himself of review upon proper application to a Civil Court Judge of the discretionary decision by a clerk of the court, the instant article 78 proceeding is improper pursuant to CPLR 7801 (subds 1, 2); and that petitioner has failed to show irreparable harm and likelihood of success on the merits.
Unlike most cases, the petitioner here requests not that Judge Dubinsky be disqualified, but rather that his recusal be declared ineffective and that he be forced to preside at the trial of the underlying action.
The request then is in the nature of a prohibition, “an extraordinary remedy, available at best only as a matter of judicial discretion and not as a matter of right.” (Siegel, New York Practice, § 559, p 780.) Factors to be considered in exercising such discretion include the gravity of harm which would be caused by excess of power and whether the excess of power can be adequately corrected on appeal or by other means. (La Rocca v Lane, 37 NY2d 575, cert den 424 US 968.)
*574 A Judge’s decision whether to recuse or disqualify himself whether in response to a litigant’s motion, or upon his own initiative, is generally regarded as “one of conscience.” (People v McDonald, 8 Misc 2d 50, 52; Matter of Robin O., 80 Misc 2d 242.) It is therefore regarded as discretionary and raises a presumption that his decision is based upon sound reasoning that the litigant might otherwise be deprived of an impartial or unbiased trial. This decision, which is necessarily based upon a Judge’s subjective perception, will generally be upheld even if a motion for disqualification would be unsuccessful under the identical factual circumstances. That is not to say that the right of recusal is absolute; challenges may be made, for example, on the basis of bad faith. As a general rule, however, the system is willing to tolerate any inconveniences or interferences with smooth court functioning that may be generated by such recusals because of importance of the rights of litigants to receive unbiased and impartial trials. The petitioner has not raised any facts to rebut the presumption that the recusal was proper, nor has petitioner established that the recusal was a product of a blanket decree of recusals by Judge Dubinsky as opposed to' two isolated incidents in which the parties were each represented by the same law firm. Nevertheless even if a blanket recusal had been proven, the presumption of propriety would still apply. Moreover, the petitioner’s conclusory allegation that it would somehow be stigmatized by the Judge’s recusal is not supported by the facts. Finally, as indicated in respondent’s answer, the petitioner has not demonstrated that there are no other remedies available such as application for redress to a Judge of the Civil Court, or that such a remedy would be inadequate. (See CPLR 7801, subds 1, 2.)
The petitioner has therefore failed to demonstrate that he is entitled to the relief requested in the nature of prohibition. The petition is dismissed.