THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID OWEN, Appellant.

County Court, Schenectady County, March 25, 1954.

*Loren W. Lillis* for appellant.

*Emmet J. Lynch, District Attorney (D. Vincent Cerrito* of counsel), for respondent.

LIDDLE, J. The defendant, David Owen, was arrested by a police officer and charged with speeding, in violation of section 12 of article 4 of the Traffic Ordinance, City of Schenectady. He was arraigned on August 19, 1953, and plead not guilty.

On September 1, 1953, the defendant was tried before the Police Justice and found guilty and fined $25 or five days in the Schenectady County jail. The fine was paid.

From the testimony it appears that on the 18th day of August, 1953, at about 12:20 P.M., the defendant, David Owen, age sixteen, was operating his father's 1950 Buick automobile in a westerly direction on State Street and was first observed by a police officer of the City of Schenectady, going in the same direction. The police officer testified that he observed the speed of defendant's car in excess of the statutory speed of twenty-five miles per hour. The officer further testified that he proceeded behind the defendant's car at the intersection of Hawk Street and State Street and followed the defendant several blocks westerly on State Street and caught up with the defendant at the intersection of Hulett Street with State Street. He further testified that when he observed the defendant, he was driving his car from forty to forty-two miles per hour. The officer further testified that continuing to the intersection of Close Street with State Street, the defendant stopped his car. The officer further testified that the defendant did not have his license and it appears further in the record that he did not have in his possession a registration license.

The defendant testified that at no time did he drive his automobile faster than between twenty and twenty-five miles an hour. The defendant's testimony was corroborated by one Michael James, who was riding in the Buick with defendant. The defendant and his witness therefore denied the statutory violation of driving in excess of twenty-five miles per hour.

The Police Justice resolved the issues and found the defendant guilty. At the close of the People's case and likewise at the

close of the defendant's case, counsel for the defendant moved for a dismissal of the information and a discharge of the defendant, which was denied.

Before passing sentence, Mr. Justice COHN asked the defendant's father if he had anything to say and among other things, the defendant's father told the court that the defendant had been driving for several years, and "he comes downtown several times a day." He further stated and I quote: "We have never had any trouble with this boy." From a careful examination of the testimony in this record, it appears that the defendant's guilt was clearly and convincingly established beyond a reasonable doubt.

However, in the affidavit of appeal to this court, pursuant to section 751 of the Code of Criminal Procedure, the defendant Owen charges the Police Justice with being "arbitrary, biased and prejudiced," and that the Police Justice "should have disqualified himself from sitting and hearing said case." Further, in an affidavit attached to the return, counsel for the defendant charges the Police Justice COHN with making an alleged statement previous to the trial to the effect that he may revoke defendant's license. Further, counsel argued that the Justice had represented in his private practice a certain company where the police officer had been or was temporarily employed, and inferred that the Police Justice was interested upon the result of the trial and could not render a just and impartial decision and therefore the verdict was founded on bias and prejudice.

Police Justice COHN, by affidavit duly verified September 28, 1953, denies each and every statement, allegation and charge as set forth in defendant's affidavit on appeal and supporting affidavit of attorney Lillis.

In his argument on this appeal, counsel for the defendant, with great force, enlarged upon these alleged charges and disqualifications. It seems to this court, in view of the record, that counsel for the defendant is subject to severe and justifiable criticism upon this method of argumentation upon this appeal.

Section 14 of the Judiciary Law, on the disqualification of a judge by reason of interest, provides in part as follows: "A judge shall not sit as such in, or take any part in a decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested ".

If counsel for the defendant had known of such facts which led him to believe of the disqualification of Police Justice COHN,

as set forth above, he should have moved for the disqualification of the Justice before the trial or during the trial or at least at the conclusion of the submission of testimony. This, counsel for the defendant wholly failed to do, and accordingly the motion to disqualify Mr. Justice COHN upon this appeal is untimely, unjustifiable and without foundation of fact.

It is a well-established rule that, in the absence of express statutory provisions, bias or prejudice or unworthy motives on the part of a judge, unconnected with an interest in the controversy, was not grounds for disqualification. (*People* v. *Jerome,* 36 Misc. 256; *Abrams* v. *Bromberger,* 74 N. Y. S. 2d 302.)

The interest required to disqualify a judge must be that of a party to the matter, or of such a nature as would involve direct pecuniary gain or loss. (*Matter of Hancock,* 91 N. Y. 284.)

It is further to be noted, after a careful examination of the testimony and proceedings upon the trial of the defendant before Police Justice COHN, the Justice was eminently fair in his rulings and his remarks, if any made, and that nowhere from the record can it be inferred by implication or otherwise that Mr. Justice COHN acted other than a fair and impartial trier of the facts and that his conclusion as to the guilt of the defendant was established beyond a reasonable doubt.

The judgment of the court below is affirmed. Submit order.