■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE A. BERRY, Appellant.— Order unanimously reversed and matter remitted to Oswego County Court for a new hearing.   Memorandum: Appellant was denied *coram nobis* relief following a hearing.   Under attack in the proceeding was a judgment of conviction of June 9, 1961.   The Acting County Judge who presided at the hearing was in 1961 an Assistant District Attorney of the county of venue.   This fact disqualified the Judge (cf. *People* v. *Wright*, 16 A D 2d 743). The facts herein make *People ex rel. Stickle* v. *Fay* (14 N Y 2d 683) distinguishable.   There the sentencing Judge had prosecuted relator for two prior felonies and the resulting convictions had been recited in a multiple felony information that was the basis for the sentence imposed.   But here the application centered upon the validity of the judgment entered while the hearing Judge was a prosecutor.   " A substantial right of the defendant was involved which might have required the exercise of some discretion on the part of the court " (*People* v. *Bennett*, 19 A D 2d 929, 930).   It appears that the Judge placed these facts on the record and the defendant stated he had no objection.   But once it is found that a Judge comes within the provisions of section 14 of the Judiciary Law jurisdiction to act may not be conferred by consent of the parties. (*People* v. *Whitridge*, 144 App. Div. 493.)   We emphasize that the Judge acted in good faith and without prejudice or bias.   His extreme caution and candor are commendable.   (Appeal from order of Oswego County Court denying, following a hearing, motion to vacate a judgment of conviction for attempted grand larceny, second degree, rendered February 26, 1953.)   Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.