■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CRAFTON, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Cerbone, J.), rendered on January 7, 1988, convicting defendant, following his plea of guilty, of three counts of robbery in the first degree and sentencing him, as a predicate felony offender, to concurrent indeterminate terms of imprisonment of from 11 to 22 years on each count, is unanimously affirmed.

Defendant failed to raise the issue of the court's alleged coerciveness during the plea in his motion to withdraw his guilty plea. This constitutes a waiver of the claim *(see, People v Pellegrino,* 60 NY2d 636). However, even if this court were, in the interest of justice, to reach the merits, we would find no evidence of coercion by the trial court to induce the plea. The trial court, while impressing upon defendant the strength of

the People's case, the potential sentence to which defendant was exposed under the indictment, and the favorableness of the plea bargain, reiterated throughout the colloquy that the decision to either plead guilty or go to trial remained with the defendant. To ensure that defendant's plea of guilty was voluntary, the court conducted a hearing on defendant's motion to withdraw his plea. Thus, it is clear that the defendant, who on three prior occasions had entered pleas of guilty to other crimes, comprehended the consequences of his plea and voluntarily pleaded guilty.

Finally, the fact that Detective Aiello's notations on the back of the photo array were seen and understood by two witnesses to mean that defendant's photograph had been previously positively identified did not render the photo array procedure so "suggestive as to give rise to a very substantial likelihood of irreparable misidentification" (*Simmons v United States,* 390 US 377, 384). Significantly, these notations were observed after defendant's photograph had been separately selected. Indeed, the witnesses both testified at the *Wade* hearing that their subsequent lineup and in-court identifications were based on their recollection of the individual who robbed them, rather than on the photo they picked out. Moreover, the lineups occurred within one month of the crimes, and each witness had seen the attacker for 15 minutes to one-half hour under adequate lighting conditions. In any event, the court also properly determined that the witnesses' identifications of the defendant subsequent to the photo array procedure were supported by an independent source (*see, People v Vereen,* 45 NY2d 856). Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.