■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STEPHENS, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered September 5, 1990, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree and sentencing him, as a violent predicate felon, to a term of five to ten years, unanimously affirmed.

Defendant claims that he did not enter his guilty plea voluntarily since the court induced the plea by threatening a heavier sentence if he proceeded to trial. Defendant never objected at sentencing, moved to withdraw his plea under CPL 220.60 or moved to vacate the judgment of conviction under CPL 440.10, and thus this claim is unpreserved for review *(People v Lopez,* 71 NY2d 662). Were we to consider the issue in the interest of justice we would find it to be without merit. It is not coercive for a court to inform a defendant as to the

possible sentence available under the indictment *(People v Crafton,* 159 AD2d 271, 272, *lv denied* 76 NY2d 733). Therefore, the plea was in all respects voluntary.

Nor was defendant denied his statutory right to address the court at sentencing. Again, defendant did not make a timely objection, thus failing to preserve this claim as a matter of law. In any event, defendant was permitted to address the court at length and repeatedly reiterated that he was not withdrawing his plea. Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.