*815 OPINION OF THE COURT
William F. Mastro, J.
Defendant moves to vacate the judgment on the grounds that his attorney coerced him into pleading guilty, the court coerced him into pleading guilty, and prosecutorial misconduct caused him to plead guilty. The motion came before this court because the pleading court is an Appellate Division Justice who is ineligible to decide this motion (Matter of Connolly v Scudder, 222 App Div 591, 597, revd on other grounds sub nom. Matter of Richardson, 247 NY 401; NY Const, art VI, § 2).
Without determining the accuracy or believability of defendant’s allegations, for the purposes of this decision, the court will assume the truthfulness of defendant’s factual claims.
PRIOR PROCEEDING
On March 18, 1988, after a jury had been selected to try this matter, defendant moved to withdraw his not guilty plea and plead guilty. Defendant then pleaded guilty. By motion dated March 30, 1988 defendant moved to vacate his plea on the grounds of coercion and misrepresentation by defense counsel. The court assigned new counsel to defendant. A hearing was conducted in which the former attorney and defendant testified. The court credited the testimony of the attorney and discredited defendant’s testimony. The motion was denied. Defendant was then sentenced as promised.
By motion dated April 21, 1989, defendant moved to vacate his conviction on numerous grounds. As is relevant to this decision, defendant alleged in the 1989 motion the following:
"12-a) The Court prior to the Huntley hearing in this case was speaking to my assigned attorney at the judges bench, but looking directly at me when she stated in an aggressive and threatening manner:
"Tell the defendant that if he doesn’t take the 15 years to Life, I promise if he is found guilty after trial, I will give him 25 to Life for the murder and 12- Vi to 25 for the attempted murder, running consecutive; indicating her intentions by having the first digits of her index fingers touching at first, then spreading them widely apart when she reached the part about consecutive sentences” (sic).
The court notes that the Huntley hearing commenced on March 2, 1988. Thus, if this statement was made, it was made *816 on March 2, 1988 or earlier. The defendant did not accept the plea offer at this time. By order dated March 7, 1988, the court granted suppression of defendant’s statement admitting presence at the scene, providing a motive for the crime, and possibly inferring "acting in concert” with the claimed shooter.
It was approximately two weeks after the alleged statement by the court that defendant accepted the plea offer.
Defendant also alleged in the 1989 motion: "Meanwhile, the Assistant District Attorney had taken my co-defendants Father into the hallway and explained to him that if I took the 15 years to Life, Raymond, his son and my co-defendant, would be able to get 2 to 6 years, but without my plea Raymond couldn’t get his and that he, the Father, should talk to me and convince me to take the plea because if we were to go to trial and lose, we each get consecutive time. From this circumstance I felt that my attorney was in league with the prosecutor to get me to plead guilty, rather than performing as an active advocate operating on my behalf (EVITTS V. LUCEY, 469 US 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821), for undivided allegiance and faithful, devoted service to a client is what the right to counsel, as guaranteed by the 6th Amendment, is all about. See e.g., VonMoltke v. Gillies, 332 US 708, 725-26, 68 S.Ct. 316, 324, 92 L.Ed. 309” (sic).
Defendant did not request that the court recuse itself because of the allegation of court coercion.
By written decision dated July 11, 1989, the court denied the motion. As to the two grounds noted above, the court held that defendant’s failure to raise the issues at the 1988 hearing/motion, constituted a waiver of his rights.
Defendant was assigned appellate counsel for the purposes of appealing his conviction. Appellate counsel declined to assist defendant in appealing the July 11, 1989 decision because counsel found no merit in defendant’s claim. A letter from appellate counsel dated November 17, 1989, informed defendant of his right to apply to the Appellate Division for leave to appeal the 1989 decision. However, it appears that defendant did not seek leave to appeal the 1989 decision.
On February 11, 1991, defendant’s conviction was affirmed (People v Lewis, 170 AD2d 538). On May 1, 1991, leave to appeal to the Court of Appeals was denied (People v Lewis, 78 NY2d 969).
By motion dated July 15, 1992, defendant again moved to *817 vacate his conviction. The grounds of this motion were ineffective assistance of counsel, a violation of attorney-client privilege at the 1988 proceeding, and the failure to afford defendant a fair and full hearing at the 1988 proceeding.
The defendant further alleged in the 1992 motion the following: "Defendant acknowledged seeing the main prosecution witness for the prosecution in the 'pens’ prior to trial but denied threatening him (12). Defendant was aware that another prosecution witness was on his way from out of state to testify in the case (14). He was also aware that if he went to trial and was convicted of the top two charges in the indictment, that he could be sentenced to consecutive terms totaling approximately 37 years to life (15). He also was aware that those same witnesses would likely be called if his motion was granted (22). Defendant did not wish to plead guilty and was completely innocent but pleaded 'because my lawyer made me’ (16).”
Defendant acknowledged that he was aware that several witnesses would have testified against him.
By order dated August 13, 1992, the court denied the motion on the ground that all facts regarding the motion appear on the record.
The instant motion makes the same coercion claims as the 1989 motion and the same counsel coercion claims made at the hearing were in the 1988, 1989 and 1992 motions.
CPL 440.10 (2) (b) mandates that a court deny a motion to vacate if an appellate court has decided the issue unless there has been a retroactive change of the law (People v Hernandez, 191 AD2d 511, 512).
In this case, in 1988, a hearing was conducted on defendant’s claim that counsel misrepresented and coerced him into pleading guilty. The Appellate Division affirmed defendant’s conviction. That claim is barred from further consideration by this court.
The claims that the court coerced the plea and of prosecution pressure were raised in the 1989 motion to vacate the judgment.
CPL 440.10 (3) (b) says that a court "may” deny a motion to vacate if the ground was raised on a prior CPL article 440 motion (People v Glinton, 74 NY2d 779, 780; see also, People v Moolenaar, 207 AD2d 711). The use of the word "may” indicates that the court has discretion.
Defendant urges that the court in 1989 should not have *818 decided the motion because of the allegations that the Justice coerced the plea.
Ordinarily a motion to vacate a judgment should be decided by the Justice who presided over the judgment of conviction (People v Perez, 191 AD2d 466, 467; Matter of Katz v Denzer, 70 AD2d 548, 549). However, a Judge/Justice who is disqualified from presiding over a motion under Judiciary Law § 14 lacks jurisdiction to decide the issue (People v Connor, 142 NY 130, 133; People v Berry, 23 AD2d 955; People v Frey, 277 App Div 1156; People v Haas, 105 App Div 119, 122; see also, Oakley v Aspinwall, 3 NY 547). Jurisdiction cannot be obtained by consent of the parties or by the failure to object if the disqualification is under Judiciary Law § 14 (People v Berry, supra; People v Bennett, 19 AD2d 929, revd on other grounds 14 NY2d 851; People v Wright, 16 AD2d 743; see also, Casterella v Casterella, 65 AD2d 614; cf., 22 NYCRR 100.3 [d]; Annotation, Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings, 27 ALR4th 597). Where the disqualification is not based on Judiciary Law § 14 the Judge/ Justice is the sole arbiter of recusal (People v Moreno, 70 NY2d 403, 405; People v Patrick, 183 NY 52, 54; People v Bonnerwith, 69 Misc 2d 516, 520). The failure to disqualify oneself for reasons other than Judiciary Law § 14 does not ordinarily result in an automatic reversal (People v Willsey, 148 AD2d 764, 765-766; Katz v Denzer, supra, 70 AD2d, at 549; People v Bennett, supra, 19 AD2d, at 930; People v McDonald, 8 Misc 2d 50, 52).
The court must first determine if the court deciding the 1989 motion to vacate was disqualified under Judiciary Law § 14. If the court was so disqualified, then the order denying the motion is null and void (see, cases cited earlier).
Judiciary Law § 14, as is relevant, states: "A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree.” There is no claim in this case that the Judge/Justice was related to any party by affinity within the sixth degree. A court is not a party or counsel in a criminal proceeding no matter what the claim. The interest indicated in Judiciary Law § 14 is a pecuniary or property interest in the proceeding or motion (People v Capuano, 68 Misc 2d 481, 484; People v McDonald, *819 supra, 8 Misc 2d, at 52; see also, Matter of Hancock, 91 NY 284). There is no allegation that the court deciding the 1989 motion stood to profit or gain by any decision (supra; see also, 28 NY Jur 2d, Courts and Judges, §§ 105, 106, at 190-194; 22 NYCRR part 100).
There was no disqualification under Judiciary Law § 14 and the order is not void.
The issue still remains whether the court was disqualified for other reasons. Ordinarily a Judge/Justice should not preside over a matter where the court may be required to give testimony (People v McDaniel, 168 AD2d 926, 928; People v Basora, 90 AD2d 851, 852; People v Rodriquez, 14 AD2d 917, 918; see also, Matter of VonderHeide, 72 NY2d 658, 659; Annotation, Disqualification of Judge on Ground of Being a Witness in the Case, 22 ALR3d 1198, 1201-1206, § 4; 22 NYCRR 100.3 [c] [1]). However, a court may preliminarily decide whether a hearing, at which a Judge/Justice is a potential witness, is to be conducted (United States v Rivera, 802 F2d 593, 601; King v United States, 576 F2d 432, 437; Panico v United States, 412 F2d 1151, 1155-1156; see also, People v Ramos, 208 AD2d 1052, 1053).
In this case the court was a potential witness. The court, however, denied the motion for a hearing on the ground that defendant’s failure to raise the issue on the 1988 motion to withdraw the plea constituted a waiver. That decision is not challenged in this proceeding. Indeed that ruling is legally correct (People v Crafton, 159 AD2d 271; see also, People v Stephens, 188 AD2d 345).
The mere allegation of court coercion should not in and of itself disqualify a Judge/Justice from deciding a motion. If a mere allegation of court misconduct were enough, then litigants could, by making such claims, disqualify a Judge/Justice whom the litigant does not like (see, People v Johnson, 115 AD2d 794-795; People v Ullman, 184 App Div 93, 95). The court will not permit forum shopping in this manner (supra).
While in this case it would have been the better practice had the court disqualified itself, there was no violation of statute, ethical consideration, or other legal impediment (see, Corradino v Corradino, 48 NY2d 894, 895).
The court was not disqualified from ruling on the 1989 motion to vacate the judgment (see, People v Ramos, supra, 208 AD2d, at 1053).
Defendant, having raised the identical issues in this applica *820 tian as in 1989, is now barred from relitigating the issues (People v Glinton, supra, 74 NY2d, at 780).
The motion is denied.
Nonetheless, since no court has addressed the merits of defendant’s claim, the court feels compelled to comment.
A court may not induce a defendant to plead guilty by express or implied threat to impose a heavier sentence should defendant proceed to trial (People v Granello, 18 NY2d 823; People v Glasper, 14 NY2d 893; People v Hollis, 74 AD2d 585; cf., People v Fields, 20 NY2d 699). It is not coercive if a court merely informs a defendant of the maximum possible sentence (People v Safa, 209 AD2d 199; People v Stephens, 188 AD2d 345, supra; People v Crafton, supra, 159 AD2d, at 272). This court need not decide whether the court’s alleged remarks in this case were "threats” or merely informing defendant of the potential sentence faced.
According to defendant’s own papers the alleged statement by the court was made "prior to the Huntley hearing.” After the statement was made defendant did not plead guilty. The Huntley hearing continued and the court suppressed the statement. More than two weeks elapsed from the alleged statement and defendant’s plea. The plea was taken after defendant was made aware of the fact that there existed two witnesses who would testify to defendant’s commission of the crime. A jury had been selected before defendant pleaded guilty.
Defendant’s motion to withdraw the plea, made 12 days after the acceptance of the plea, failed to mention the alleged statement by the court. This indicates that at that time he did not feel coerced by the court.
The court finds, as a matter of fact, defendant’s plea was not induced by any "statements” made by the court.
Comment should also be made regarding the allegation of prosecutorial misconduct/coercion.
It is not misconduct or coercion for the People to condition a plea on all defendants accepting a plea bargain (People v Fiumefreddo, 82 NY2d 536; People v Antonio, 176 AD2d 528, 529; People v Cornielle, 176 AD2d 190, 191).
Assuming that defendant’s allegations are true there is no misconduct/coercion as a matter of law.
The motion is denied.