OPINION OF THE COURT
John R. LaCava, J.
Defendant Clayton W. Tiffany is charged in the Village Court of the Village of Briarcliff Manor with disorderly conduct, a violation, arising out of a March 25, 1997 traffic stop of his vehicle. He now moves before the County Court, by way of order to show cause, for a change of venue on the grounds that he cannot get a fair trial before the only Judge who has yet to *272 recuse himself. He also seeks ancillary relief such as a change in the date and time that the trial should be held.*
In contrast to cases prosecuted by indictment, in which case a change of venue may be granted where there is “reasonable cause to believe that a fair and impartial trial cannot be had in such county” (CPL 230.20 [2]), the provision of the Criminal Procedure Law that is applicable to change of venue motions in nonfelony cases, CPL 170.15, is more restrictive.
CPL 170.15 provides, in part:
“Under circumstances prescribed in this section, a criminal action based upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint may be removed from one local criminal court to another * * *
“3. At any time within the period provided by section 255.20, where a defendant is arraigned upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint pending in a city court, town court or a village court having trial jurisdiction thereof, a judge of the county court of the county in which such city court, town court or village court is located may, upon motion of the defendant or the people, order that the action be transferred for disposition from the court in which the matter is pending to another designated local criminal court of the county, upon the ground that disposition thereof within a reasonable time in the court from which removal is sought is unlikely owing to:
“(a) Death, disability or other incapacity or disqualification of all the judges of such court; or
“(b) Inability of such court to form a jury in a case, in which the defendant is entitled to and has requested a jury trial.”
Subdivision (3) (b) is inapplicable. Defendant is not entitled to a jury trial. In addition, since there is no assertion that it is unlikely that the charge cannot be disposed of within a reasonable time in the Briarcliff Manor Village Court owing to the *273 “[d]eath, disability or other incapacity * * * of all the judges” (CPL 170.15 [3] [a]), those portions of the statute are also inapplicable. The only potential source of relief, therefore, is “disqualification of all the judges” (CPL 170.15 [3] [a]).
Section 14 of the Judiciary Law governs the mandatory disqualification of Judges. It provides: “A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree * * * But no judge of a court of record shall be disqualified in any action, claim, matter, motion or proceeding in which an insurance company is a party or is interested by reason of his being a policy holder therein. No judge shall be deemed disqualified from passing upon any litigation before him because of his ownership of shares of stock or other securities of a corporate litigant, provided that the parties, by their attorneys, in writing, or in open court upon the record, waive any claim as to disqualification of the judge.”
The only facially applicable portion of Judiciary Law § 14 disqualification is that the subject Judge is “interested”. However, the “interest indicated in Judiciary Law § 14 is a pecuniary or property interest in the proceeding or motion” (People v Lewis, 165 Misc 2d 814, 818, citing People v Capuano, 68 Misc 2d 481, 484 [Monroe County Ct 1971]; Matter of Hancock, 91 NY 284). Since there is no showing that the subject Judge stands to “profit or gain by any decision” in this case (People v Lewis, supra, at 819) “interest” has not been established.
“ Actual bias of [a] judge is not a ground for disqualification under Section 15 of the Judicia[ry] Law [now § 14].’ ” (State Div. of Human Rights v Merchants Mut. Ins. Co., 59 AD2d 1054, 1056, quoting Matter of Rotwein, 291 NY 116, 123, citing People v Patrick, 183 NY 52; Matter of Fitzgerald v Wells, 9 AD2d 812, appeal dismissed 9 NY2d 864.) “Even if actual bias or prejudice is shown, it would not be grounds for disqualification but would only be reviewable on appeal on a showing that it had unjustly affected the result” (Matter of Katz v Denzer, 70 AD2d 548, 549 [1st Dept 1979]).
In any event, a motion to change venue is not the correct procedure through which to raise issues of bias or prejudice of a presiding Judge (People v Blake, 133 AD2d 549 [4th Dept 1987]). “The correct procedure is for the defendant to move for *274 the Trial Judge to disqualify himself’ (People v Blake, supra, citing People v Capuano, 68 Misc 2d 481, 483, supra). Where, as here, disqualification cannot be properly grounded on Judiciary Law § 14, the subject Judge is the sole arbiter of recusal (People v Moreno, 70 NY2d 403, 405; People v Bonnerwith, 69 Misc 2d 516, 520). “[T]he decision on a recusal motion is generally a matter of personal conscience” (People v Smith, 63 NY2d 41, 68, cert denied 469 US 1227; People v Tartaglia, 35 NY2d 918, 919; People v Smith, 120 AD2d 753, 755 [2d Dept 1986]) with which this court cannot interfere, but which, as previously indicated, may be raised upon appeal (State Div. of Human Rights v Merchants Mut. Ins. Co., supra; Matter of Katz v Denzer, supra).
The additional relief requested, including the rescheduling of the trial, are matters that are left to the sound discretion of the trial court. The County Court is not an appellate court, nor does it enjoy any generalized supervisory powers over local courts.
The Court of Appeals stated in People v Moreno (supra, at 406): “[I]t may be the better practice in some situations for a court to disqualify itself in a special effort to maintain the appearance of impartiality [citation omitted].”
At this juncture, only the remaining Briarcliff Manor Judge can decide whether this is such a case.
Upon disqualification, an application pursuant to CPL 170.15 (3) (a) would be appropriate.
Based upon the foregoing, and without regard to the apparent untimeliness of the application (see, CPL 170.15 [3]), the motion must be denied in its entirety.

 An application to stay the underlying trial, pending the court’s disposition of this motion, was denied, in part, upon the belief that Mr. Tiffany had failed to advise the court of the scheduled trial date. A return date of March 10, 1998 was fixed. Upon reexamination of the 39 pages of handwritten text, as was prompted by Mr. Tiffany’s telephone call to chambers (the substance of which was conveyed to the People), the court now sees that Mr. Tiffany did note on page 33 that the trial is scheduled for February 25, 1998. The Assistant District Attorney handling the motion agreed to submit his answer in the forenoon of February 24, 1998. It was, in fact, submitted at 9:45 a.m. on February 24, 1998. Therefore, with the February 24, 1998 issuance of this decision and order, the application for a stay has been rendered moot.