■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GONZALEZ, Appellant. [772 NYS2d 520]—

Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered June 4, 2001, convicting defendant, upon his plea of guilty, of burglary in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 8 years and 5 years, unanimously affirmed.

Since defendant's request for leniency at sentencing did not constitute a motion to withdraw his guilty plea, his challenges to the voluntariness of his plea are unpreserved (*People v Lopez*, 71 NY2d 662 [1988]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the plea was knowing, intelligent and voluntary. There was nothing coercive, biased or otherwise improper about the court's exploration of "the strength of the People's case, the potential sentence to which defendant was exposed under the indictment, and the favorableness of the plea bargain" (*People v Crafton*, 159 AD2d 271, 271-272 [1990], *lv denied* 76 NY2d 733 [1990]). Contrary to defendant's contention, the court was not obligated to advise him of the effect of his plea on sentences for future crimes (*People v Parker*, 309 AD2d 508 [2003]); in any event, the record reveals that the court gave such a warning.

The record establishes that counsel provided effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Defendant's excessive sentence claim is foreclosed by his valid

waiver of the right to appeal. Were we to find that defendant's waiver was invalid, we would find no basis for reducing the sentence. Concur—Ellerin, J.P., Williams, Lerner and Marlow, JJ.